UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-0929 JGB (SHKx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | *Mark Karghaian v. Mercedes-Benz USA, LLC, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)**

On February 16, 2024, Plaintiff Mark Karghaian ("Plaintiff" or "Karghaian") filed a complaint against Defendants Mercedes-Benz USA LLC ("Mercedes-Benz"), Oremor Automotive Group, LLC ("Oremor"), and Does 1 through 30 in the Superior Court of the State of California for the County of San Bernardino. ("Complaint," Dkt. No. 1.) The Complaint alleges nine causes of action: (1) fraud and deceit; (2) breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"); (3) breach of implied warranty under the MMWA; (4) breach of written warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, et seq. ("Song-Beverly Act"); (5) breach of implied warranty under the Song-Beverly Act; (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (7) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17200, et seq. ("FAL"); (8) negligence; and (9) strict liability. (Complaint.) Mercedes-Benz removed the action to this Court on May 2, 2024. (Id.)

On April 8, 2024, Oremor was served with the Complaint. (See Dkt. No. 18.) On May 30, 2024, Plaintiff and Oremor filed a stipulation to extend Oremor's time to respond to the Complaint to June 26, 2024. ("Stipulation," Dkt. No. 18.) The Court granted the Stipulation on June 6, 2024. (Dkt. No. 23.) To date, Oremor has not filed an answer or response to the Complaint. Plaintiff has also not filed a request for entry of default as to Oremor.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1).

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because he has failed to request an entry of default as to Defendant Oremor for over one month.

Accordingly, the Court **ORDERS** Plaintiff, **on or before August 26, 2024**, to request an entry of default as to Defendant Oremor or to show cause in writing as to why he has not requested an entry of default. Failure to comply with this order may result in dismissal of the action. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**